# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12CR00044 |
| v. | ) | **OPINION AND ORDER** |
| WILLIAM F. "BILL"ADAMS, JR., ET AL., | ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Timothy J. LaFon and Michael J. Del Giudice, Ciccarello, Del Giudice & LaFon, Charleston, West Virginia, and Wayne D. Inge, Roanoke, Virginia, for Defendant William "Bill" F. Adams, Jr.; John A. Carr, Charleston, West Virginia, and Paul G. Beers, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, for Defendant Joshua David Cline.*

In this tax evasion and structuring prosecution, defendants William F. "Bill" Adams, Jr. and Joshua David Cline have moved to require the government to produce prior to trial any notes made by government agents of interviews with them. The government has previously provided the defendants with the formal memoranda of those interviews, but resists providing any notes made by the agents. For the reasons discussed below, I will grant the motion.

Defendant Adams previously filed a Motion for Exculpatory Evidence. The motion contained a general request for exculpatory evidence, and also included requests for agents' handwritten notes relating to various government witnesses

and others involved in the alleged scheme that is the basis of the government's case  This motion was considered by the magistrate judge and denied "insofar as the Motion seeks agents' handwritten notes related to interviews of specified individuals for which the Government has provided counsel with a Memorandum of Interview."  (Order, May 2, 2013, ECF No. 214.)

The defendants are not entitled to agents' notes related to statements made by all of the specified individuals.  However, the defendants' specific request for the notes of their own interviews is a different matter.  Rule 16 of the Federal Rules of Criminal Procedure requires that

> [u]pon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (i) any relevant written or recorded statement by the defendant if:
>
> - the statement is within the government's possession, custody, or control; and
>
> - the attorney for the government knows — or through due diligence could know — that the statement exists;
>
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent[.]

Fed. R. of Crim. P. 16(a)(1)(B)(i)-(ii).

The Advisory Committee Notes to Rule 16 explain that the 1991 amendments to the rule require the prosecution to disclose, upon request, "any written record which contains reference to a relevant oral statement by the defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial." Fed. R. of Crim. P. 16, advisory committee notes. The written record does not have to be a transcription or summary, "but must only be some written reference which would provide some means for the prosecution and defense to identify the statement." *Id.*

Under the clear language of the Rule, any handwritten notes are a "written record." "They may not be the only written record, but they certainly are 'a' written record." *United States v. Almohandis*, 307 F. Supp. 2d 253, 255 (D. Mass. 2004); *see United States v. Lilly*, No. 1:02CR00085, 2003 WL 168443, at *2 (W.D. Va. Jan. 24, 2003). In this case, defendants Adams and Joshua Cline are entitled to discovery under Rule 16 of any existing notes made by a government agent of their statements.

For the foregoing reasons, it is **ORDERED** that the Renewed Motion for Exculpatory Evidence (ECF No. 312) is GRANTED IN PART in that the government must disclose reasonably in advance of trial any available notes made of statements by William "Bill" F. Adams, Jr. and/or Joshua David Cline.

ENTER: January 9, 2014

/s/  James P. Jones
United States District Judge